**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 07-0291-WS-M** |
| | ) | |
| **DERRICK D. LANGFORD,** | ) | **CIVIL NO. 09-0251-WS** |
| | ) | |
| Petitioner. | ) | |

**ORDER**

This matter is before the Court on petitioner Derrick Dewayne Langford's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. 30) pursuant to 28 U.S.C. § 2255.

Upon briefing by the parties, Magistrate Judge Milling entered a Report and Recommendation (doc. 39) on October 22, 2009, wherein he recommended that all of Langford's grounds for relief but one (the exception being Langford's eighth claim, which alleged that counsel rendered ineffective assistance by failing to file an appeal on his behalf) be denied. Langford filed no objections to that Report and Recommendation. After due and proper consideration of all portions of the file deemed relevant to the issues raised, the undersigned **adopts** the Magistrate Judge's recommendation made under 28 U.S.C. § 636(b)(1)(B) and **denies** all of petitioner's § 2255 claims except for Langford's eighth stated ground for relief (namely, the ineffective assistance claim concerning defense counsel's failure to file a notice of appeal).

As for Langford's remaining ground for relief, the Report and Recommendation correctly observes that "there is conflicting evidence as to whether Petitioner requested counsel to file an appeal, and/or whether counsel satisfied his consultation obligations with regard to Petitioner's options of appealing." (Doc. 39, at 24.) In particular, Langford maintains that after learning of his right to appeal his sentence, he "immediately asked Mr. Byrd [his counsel] to do so but deft. has never heard from Mr. Byrd since" and no appeal was ever filed. (Doc. 30, at 13.) By contrast, the Government proffers the Affidavit of James M. Byrd, Esq., wherein Byrd avers that

Langford "was fully advised of his right to appeal," that Langford never expressed "his desire to appeal his conviction or sentence," and that Byrd "would have immediately filed a notice of appeal" had Langford requested same, notwithstanding his unawareness "of any issue of merit to appeal." (Doc. 33, Exh. A, at 1.)

This Circuit hews to "the well-settled rule that an attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner *per se*." *Thompson v. United States*, 504 F.3d 1203, 1206 (11th Cir. 2007) (citing *Gomez-Diaz v. United States*, 433 F.3d 788, 792 (11th Cir. 2005)); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."). Thus, such an omission, if proven, constitutes constitutionally deficient performance, as a matter of law. Additionally, it is clear that "to satisfy the prejudice prong of the *Strickland* test, a defendant who shows that his attorney has ignored his wishes and failed to appeal his case need only demonstrate that, but for the attorney's deficient performance, he would have appealed." *Gomez-Diaz*, 433 F.3d at 792. In other words, to establish prejudice arising from counsel's failure to appeal when instructed to do so, a defendant need merely show "a reasonable probability that he would have appealed without regard to the putative merits of such an appeal." *Thompson*, 504 F.3d at 1208.

Furthermore, "counsel generally has a duty to consult with the defendant about an appeal," such that even "where a defendant has not specifically instructed his attorney to file an appeal, we must still determine whether counsel in fact consulted with the defendant about an appeal." *Thompson*, 504 F.3d at 1206 (citations omitted); *see also Devine v. United States*, 520 F.3d 1286, 1288 (11th Cir. 2008) ("even if the client does not directly request an appeal, counsel generally has a duty to consult with him about an appeal"). That duty of consultation is triggered when "any rational defendant would want to appeal" or "the defendant reasonably demonstrated an interest in appealing." *Thompson*, 504 F.3d at 1207.

As the Magistrate Judge correctly points out, the record contains conflicting facts as to whether Langford instructed his attorney to file an appeal on his behalf, or whether counsel satisfied consultation obligations with respect to Langford's appeal rights. The Court cannot select between the parties' divergent versions of the facts, or make the credibility determinations

inherent in same, without conducting an evidentiary hearing.  *See, e.g., King v. United States*, 2007 WL 2948587, *3 (11th Cir. Oct. 11, 2007) ("The district court erred in not holding an evidentiary hearing to establish the content of the communications, if any, between petitioner and his attorney regarding a possible appeal.").[1]  More generally, it is of course true that in a § 2255 proceeding, "the district court must accord the movant an evidentiary hearing unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  *Anderson v. United States*, 948 F.2d 704, 706 (11th Cir. 1991) (citations and internal quotation marks omitted); *see also Aron v. United States*, 291 F.3d 708, 714-15 (11th Cir. 2002) (if petitioner alleges facts that, if true, would warrant relief, then "the district court should order an evidentiary hearing") (citations omitted).

In light of the foregoing, the Court finds that Langford may obtain an evidentiary hearing on his eighth ground for relief specified in his § 2255 motion.  Several words of caution are in order, however.  If Langford were ultimately to be granted relief on this claim, the remedy would be not the immediate vacatur of his conviction and sentence, but rather an opportunity to file an out-of-time appeal to the Eleventh Circuit Court of Appeals.  *See Montemoino v. United States*, 68 F.3d 416, 417-18 (11th Cir. 1995) (holding that where a defendant pleads guilty and counsel fails to file a notice of appeal despite defendant's request to do so, the defendant is entitled to an out-of-time appeal).  Langford has identified no potentially meritorious issues for direct appeal arising from his guilty plea or sentencing, and Byrd states in his affidavit that he "was not aware of any issue of merit to appeal."  (Doc. 33, Exh. A, at 1.)  Without a meritorious ground for appeal, any victory for Langford on the eighth ground for relief would be both short-lived and

---

[1]        *See also Gaston v. United States*, 2007 WL 1695762, *2 (11th Cir. June 13, 2007) (vacating district court order denying § 2255 relief and instructing district court to hold evidentiary hearing to determine whether petitioner had asked counsel to file a notice of appeal); *Bolton v. United States*, 2007 WL 906419, *2-3 (11th Cir. Mar. 27, 2007) (vacating district court denial of § 2255 petition where lower court credited counsel's affidavit over petitioner's, and explaining that on remand "the district court must conduct an evidentiary hearing to find the facts concerning the failure of trial counsel to file a notice of appeal, and based on those findings decide whether to grant the § 2255 motion"); *Rosero v. United States*, 2006 WL 2613661, *3-4 (11th Cir. Sept. 12, 2006) (remanding § 2255 action for district court to conduct evidentiary hearing into whether petitioner in fact requested counsel to file direct appeal, triggering *per se* duty to appeal).

hollow.  Furthermore, attending an evidentiary hearing would likely visit certain burdens and disruption upon petitioner.[2]  If Langford nevertheless desires an evidentiary hearing on the questions of whether he in fact requested that his attorney file a direct appeal and whether his attorney satisfied his duty of consultation, then Langford is **ordered** to file, on or before **June 11, 2010**, a statement to that effect, failing which the Court will deem this ground for relief abandoned and will deny it without a hearing.

For all of the foregoing reasons, it is hereby **ordered** as follows:

1.      Petitioner's Motion to Vacate (doc. 30) is **denied** with respect to all asserted grounds of relief, with the exception of the eighth ground (ineffective assistance by counsel in failing to file an appeal).

2.      With respect to petitioner's eighth ground for relief (namely, that counsel rendered ineffective assistance by refusing his request to file a notice of appeal), Langford is **ordered**, on or before **June 11, 2010**, to file a written statement indicating whether, after consideration of the factors discussed in this Order, he nevertheless desires an evidentiary hearing on the question of whether his attorney provided ineffective assistance in failing to file a direct appeal on his behalf.

DONE and ORDERED this 11th day of May, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2]      Among any other relevant considerations, attending an evidentiary hearing would remove Langford from his current place of incarceration with no guarantees of return to that facility, much less his present cell; would interrupt his participation in any drug treatment or other rehabilitation programs in which he may be enrolled, completion of which may be required to obtain a reduction in his sentence; and would require interim housing at any of a number of various local jail facilities for an indeterminate time period pending reassignment by the Bureau of Prisons.