# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 07-0291-WS-M |
| ) | |
| DERRICK D. LANGFORD, ) | CIVIL NO. 09-0251-WS |
| ) | |
| Petitioner. ) | |

## ORDER

This matter is before the Court on petitioner Derrick Dewayne Langford's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. 30) pursuant to 28 U.S.C. § 2255.

On May 11, 2010, the undersigned entered an Order (doc. 40) denying Langford's Motion to Vacate in its entirety, with the exception of his eighth stated ground for relief, to-wit: That his counsel rendered ineffective assistance by failing to file a timely notice of appeal despite Langford's instruction that he do so. As to this *Gomez-Diaz* issue, the May 11 Order explained that the conflicting record facts could not be resolved without an evidentiary hearing, but that for various reasons Langford may or may not wish to proceed with the hearing. On that basis the May 11 Order indicated that if Langford desires an evidentiary hearing on this question, then he "is **ordered** to file, on or before **June 11, 2010**, a statement to that effect, failing which the Court will deem this ground for relief abandoned and will deny it without a hearing." (Doc. 40, at 4.) The Clerk's Office promptly mailed a copy of the May 11 Order to Langford at his address of record; however, the U.S. Postal Service returned that mailing to the Clerk, marked "Return to Sender / Attempted - Not Known / Unable to Forward." (Doc. 41.) The Clerk of Court possesses no information as to Langford's present whereabouts, and is unable to forward the May 11 Order (or this Order, for that matter) to him. Langford has filed nothing in this action since September 1, 2009, a period spanning nearly ten months.

From these events, it is evident that Langford has neglected to keep the Clerk of Court informed of his current mailing address. This omission is significant. Indeed, the Local Rules of

this District Court provide that "[a]ny person proceeding in this Court pro se shall, at all times during the pendency of the action to which he or she is a party, keep the court informed of his or her current address and telephone number, and ***shall promptly inform the court of any change in such address***." LR 83.9(c) (emphasis added). Dismissal is an appropriate sanction for failure to comply with this fundamental requirement. *See, e.g., Lucy v. Walter Mortg. Co.*, 2009 WL 3336685, *3 (S.D. Ala. Oct. 14, 2009) (*pro se* plaintiff's complaint "is subject to dismissal due to his failure to keep the Court apprised of his current address"); LR 83.9(c) ("A party's failure to comply may result in the dismissal of the party's action for failure to prosecute and obey the rules of this Court."). Moreover, no lesser sanction will suffice, inasmuch as the Court does not know where Langford is at this time and is unable to contact him to impose any such lesser sanctions. Barring dismissal, the Court would have no choice but to leave this matter open indefinitely hoping that maybe, someday, Langford decides to resurface and resume his § 2255 action, or at least notify the Clerk of Court as to his present whereabouts. Such a result would be irreconcilable with principles of efficiency and common sense, much less a litigant's duty to prosecute an action with reasonable diligence and to keep the Clerk of Court apprised of his current contact information.

For all of the foregoing reasons, including petitioner's failure to prosecute and to comply with the Local Rules, the Motion to Vacate (doc. 30) is **denied** as to the eighth ground for relief. Because all other bases for relief were denied in the May 11 Order, Langford's § 2255 petition has now been denied in its entirety, and this matter is concluded. A separate judgment will enter.

DONE and ORDERED this 24th day of June, 2010.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE