**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 07-0291-WS** |
| | ) | |
| **DERRICK LANGFORD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter comes before the Court on defendant's Motion to Correct Sentence or, in the Alternative, Grant Jail Credit (doc. 52), filed by and through his counsel of record. Defendant's request for "correction" of a federal sentence imposed by this Court on June 6, 2008, lacks any citation to authority that might authorize modification of the sentence in these circumstances. It is well settled that sentencing courts do not possess "some sort of inherent authority to modify a sentence" whenever they wish. *United States v. Diaz-Clark*, 292 F.3d 1310, 1317-18 (11th Cir. 2002). Generally speaking, "[a] district court may not modify a term of imprisonment once it has been imposed, except in some cases where modification is expressly permitted by statute or Fed.R.Crim.P. 35." *United States v. Jackson*, 613 F.3d 1305, 1308 (11th Cir. 2010). Defendant identifies no such rule or statute that might permit modification of his sentence here. Therefore, the portion of his Motion petitioning this Court to "correct" his sentence is **denied**.

Alternatively, Langford requests that this Court "grant [him] credit for the twenty-eight (28) months served following federal sentencing in the custody of the State of Alabama Department of Corrections." (Doc. 52, at 2.) This Motion appears to be procedurally defective in two critical respects. Here's why: It is well settled that, as a general proposition, "[t]he Attorney General through the BOP, and not the district courts, is authorized, under 18 U.S.C. 3585(b), to compute sentence credit awards after sentencing." *Dawson v. Scott*, 50 F.3d 884, 889 (11th Cir. 1995). The Eleventh Circuit has summarized applicable law and procedure for defendants in Langford's position in the following terms:

> "In construing 18 U.S.C. § 3585(b), the Supreme Court has held that the Attorney General through the Bureau of Prisons, as opposed to the district courts, is

> authorized to compute sentence credit awards after sentencing. … As a result, a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence. … A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies."

*United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005) (citations and internal quotation marks omitted).[1] Moreover, it is black-letter law that ordinarily § 2241 proceedings must be pursued in the district where the petitioner is being confined, not the district where sentencing occurred. *See, e.g., Rumsfeld v. Padilla*, 542 U.S. 426, 443, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *Diaz v. United States*, 580 Fed.Appx. 716, 717 (11th Cir. Sept. 5, 2014) ("A § 2241 petition by a federal prisoner must be brought in the district where the inmate is incarcerated."); *Garcia v. Warden*, 470 Fed.Appx. 735, 736 (11th Cir. Mar. 27, 2012) (as a general proposition, "jurisdiction for § 2241 petitions lies only in the district of confinement").

What does all of this mean for Langford? First of all, he has made no showing that he has exhausted, or even attempted to exhaust, his administrative remedies with the federal Bureau of Prisons. He cannot skip that step and proceed directly to § 2241 review in federal court under the circumstances presented here. Moreover, because he is confined in federal prison in Yazoo City, Mississippi, any § 2241 petition that Langford may submit after exhausting his administrative remedies with the BOP would properly be directed to the U.S. District Court for the Southern District of Mississippi (his district of incarceration), rather than this District Court.

All of that said, the Court does have concerns with Langford's description of the relevant events. According to the Motion, Langford was in State custody when federally sentenced in June 2008; was released from State custody into Federal custody in November 2010; and received no credit on his federal sentence for the intervening 28 months. That state of affairs runs directly counter to this Court's findings and expressed intentions during the sentencing

---

[1] Subsequent decisions have made clear that the exhaustion prerequisite for § 2241 motions is not jurisdictional. *See, e.g., Santiago-Lugo v. Warden*, 785 F.3d 467, 475 n.5 (11th Cir. 2015) ("To the extent that other published decisions of this Circuit have held or stated that exhaustion is a jurisdictional prerequisite to § 2241 relief, they too have been undermined to the point of abrogation.").

hearing in this case. Indeed, the sentencing hearing transcript reflects the following pertinent exchange:

"MR. MAY:    … Since the Defendant was arrested yesterday, he was in State custody and was brought here on a writ, he's still technically in State custody. So, we would ask the Court to make a, just a finding on the record under the Bail Reform Act because of this being a presumption case that he comes into Federal custody today.

     *         *         *

"THE COURT: All right. ***Well, that will allow him to start serving that Federal custody immediately so that there's no question about credit for time served. So, I will do that, order him into Federal custody to begin service of the sentence.***"

(PageID.149-50 (emphasis added).)

For all of the foregoing reasons, defendant's Motion to Correct Sentence or, in the Alternative, Grant Jail Credit (doc. 52), is **denied**, without prejudice to Langford's ability to renew such a motion in an appropriate court upon an appropriate showing at an appropriate time.

DONE and ORDERED this 28th day of August, 2019.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE